[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 5, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 03-14285
Non-Argument Calendar

_____

D. C. Docket No. 02-00554-CR-3-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE ZERDUCHE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 5, 2005)**

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Enrique Zerduche appeals his convictions for drug trafficking, in violation of 21 U.S.C. §§846 and 841(a)(1), (b)(1)(B)(vii), and the 121-month sentence imposed. No reversible error has been shown; we affirm.

Defendant contends that the district court committed reversible error when it removed a juror and replaced her with an alternate over the objection of counsel. After Defendant's trial had began and the testimony of the first witness was heard, the district court judge sua sponte discussed the behavior of one of the jurors with counsel for the government and the defense. The judge stated that he was extremely distracted by the fidgeting and squirming of one juror and inquired whether they, too, were bothered. The government responded affirmatively and noted that the conduct had begun almost immediately. Defense counsel had noticed nothing. The court also stated that it did not believe this juror was "paying any attention." Defense counsel suggested that it may be appropriate to admonish the jury to pay attention, but it would otherwise object to excusing the juror on that basis.[1] The court declared, for the record, that it had

> observed this juror continuously yawning, squirming,
> moving around, even getting up out of her chair, putting

---

[1] Counsel for a co-defendant also objected to excusing the juror without further inquiry of the juror or some general instruction to the jury.

her head down between her legs, not paying attention to the witness. She's a distraction, and I believe that it's in the interests of both the government and the defense that this juror be excused. And I'm going to excuse her and substitute an alternate.

The government stated that it would research the issue of juror discharge over lunch, but the court proceeded immediately to discharge the juror.

A district court's decision to remove a disruptive juror during trial is reviewed for abuse of discretion. See United States v. Fajardo, 787 F.2d 1523, 1525-26 (11th Cir. 1986). Fed.R.Crim.P. 24(c)(1) allows the court to replace a juror who is "unable to perform" or "disqualified from performing" his duties with an alternate. "The trial court's discretion in removing a juror 'is not to be disturbed absent a showing of bias or prejudice to the defendant ... or to any other party.'" Id. at 1525 (citation omitted). We apply an abuse of discretion standard of review to the decision to excuse a disruptive juror for good reason: "the degree of disruption is gauged better by first-hand impressions rather than the review of a cold record." Id. at 1526. In this context, prejudice includes discharge of a juror "'without factual support, or for a legally irrelevant reason.'" Id. at 1525 (citation omitted).

Defendant complains that the district court removed the juror without making inquiry of the juror in question on the nature of the problem, without

questioning other jurors to see if they were distracted by the conduct the court observed, or without seeking to correct the problem with instructions to the jury on the issue. According to Defendant, without first engaging in one or more of these acts, the district court could have no factual support for removal.

The factual support for the district judge's decision -- the disruptive behavior of the juror observed by the court -- was stated for the record. We cannot say that the continuous acts of "yawning, squirming, moving around, getting up out of her chair, putting her head down between her legs, not paying attention to the witness" that were observed and found by the court to be extremely distracting fail to provide adequate factual support for removal. See Fajardo, 787 F.2d at 1626 (upholding removal of juror for disruptive conduct consisting of blowing nose, loudly snorting, and wiping nose with sleeve). And a trial judge who observes disruptive juror behavior and determines such behavior is distracting is under no obligation to make further inquiry. See United States v. Bradley, 173 F.3d 225, 230 (3rd Cir. 1999) (district court had legitimate basis to dismiss juror, without further inquiry, where court itself noticed juror sleeping).

The record discloses -- and Defendant alleges -- no bias toward either party on the part of the judge in effecting the removal. Defendant shows no bias or prejudice sufficient to disturb the district court's exercise of discretion.

4

Defendant also raises for the first time on appeal a <u>Blakely</u>-based constitutional challenge to his sentence, <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). Since the filing of briefs in this appeal, the Supreme Court extended <u>Blakely</u> to the federal sentencing guidelines. <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). Under <u>Blakely</u> (now <u>Booker</u>), Defendant contends that the factual allegations underlying his sentencing enhancements for obstruction of justice and possessing a dangerous weapon during the offense were neither charged in the indictment nor proved to the jury beyond a reasonable doubt. He also argues that the quantity of marijuana attributed to him at sentencing was not alleged in the indictment. Because Defendant raises this issue for the first time on appeal, we review his claim only for plain error. <u>See</u> <u>United States v. Cotton</u>, 122 S.Ct. 1781, 1785 (2002); <u>United States v. Duncan</u>, 400 F.3d 1297, 1301 (11th Cir. 2005).

In <u>United States v. Rodriguez</u>, 398 F.3d 1291 (11th Cir. 2005), <u>petition for cert. filed</u> (U.S. Feb 23, 2005) (No 04-1148), we recognized that an enhancement imposed under a mandatory guidelines system based on facts found by the judge that went beyond those admitted by the defendant or found by the jury constituted <u>Booker</u> error. <u>Id.</u> at 1298-99. And, because of <u>Booker</u>, we concluded that that error is now plain. <u>Id.</u> at 1299.

But more than error that is plain must be shown before we may exercise our discretion to correct; the complainant must also show that the plain error affects substantial rights. United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993). And as Rodriguez explains, the plain error in this context is not the use of extra-verdict enhancements; it is "the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge." Id. at 1301. Rodriguez failed to show the prejudice required for plain error relief: he could show no "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion." Id.

Defendant's claim fails for the same reason: Defendant has not met his burden of showing that the Booker error in his case affected the outcome of his sentencing. See id. at 1301, 1306. Defendant proffers nothing to show that a reasonable probability exists that the sentencing judge would have imposed a more lenient sentence had the guidelines been applied in an advisory and non-binding fashion. See id. at 1301.

AFFIRMED.